IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KELLEY TROY COOLEY, JR., )<br>          Plaintiff )<br>   v. )<br>           )<br>DETECTIVE SGT. JOHN BARBER, et al., )<br>          Defendants ) | C.A. No. 06-160 ERIE<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that:

1. The Motion to Dismiss filed by Defendants WJET-TV, Lafferty, and Mullenax [Document # 19] be granted;

2. The Motion to Dismiss Complaint filed by Defendant Barber [Document # 22] be granted; and

3. The Motion to Dismiss filed by Defendants Mead, Howard, and Thompson [Document # 24] be granted.

**II.   REPORT**

On July 18, 2006, Plaintiff Kelley Troy Cooley, an inmate incarcerated at the State Correctional Institution at Camp HIll, Pennsylvania ("SCI-Camp HIll"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are Detective Sergeant John Barber of the Erie County Police Department ("Barber"); WJET-TV; Sean M. Lafferty, a news reporter at WJET-TV ("Lafferty")[1]; Karla A. Mullenax, a news reporter at WJET-TV ("Mullenax")[2]; Edward M. Mead, Sr., "Chairman of the Board" of the Times Publishing Company ("Mead"); Pat Howard, a news journalist at the Times Publishing Company ("Howard"); and Lisa Thompson, a news journalist at the Times Publishing Company

---

[1] Defendant Lafferty is improperly identified in the Complaint as "Tim Lafferty." (See Document # 19 at p. 1).

[2] Defendant Mullenax is improperly identified in the Complaint as "Karlla Mullenex." (See Document # 19 at p. 1).

("Thompson").

Plaintiff claims that his constitutional rights were violated as a result of alleged defamatory statements made by Defendants regarding criminal charges that were filed against him by Defendant Barber, which were published in the Erie Times News and broadcast by WJET-TV between August 20, 2004 and December 7, 2004. (Document # 3, Complaint, at Section IV.C). Plaintiff claims that the alleged defamatory statements, publications, and broadcasts caused him to suffer damage to his reputation and loss of employment. As a result, Plaintiff seeks compensatory and punitive damages, as well as a public apology. (Document # 3, Complaint, at Section VI).

Motions to dismiss have been filed by Defendants WJET-TV, Lafferty, and Mullenax [Document # 19], Defendant Barber [Document # 22], and Defendants Mead, Thompson, and Howard [Document # 24], each arguing that Plaintiff has failed to state a cause of action upon which relief may be granted under 42 U.S.C. § 1983. Plaintiff has filed a response to each of the Defendants' motions [Document ## 33, 34, and 36], essentially restating the allegations of his Complaint. This matter is now ripe for consideration.

### A. Factual History

On August 20, 2004, Defendant Barber charged Plaintiff with burglary, rape, forcible compulsion, criminal attempt, unlawful restraint, involuntary servitude, terroristic threats with intent to terrorize another, simple assault, and indecent assault without consent of other. (Document # 3, Complaint, Section IV.C.1). Defendant Barber then went on television alerting the citizens or Erie County and surrounding areas that Plaintiff was a "sexual predator." (Id.). The television broadcast was reported by Defendants Lafferty and Mullenax on WJET-TV. Newspaper articles regarding the criminal charges, including allegedly defamatory statements against Plaintiff, were published by Defendants Howard and Thompson in the Erie Times News, along with Plaintiff's photograph. (Document # 3, Complaint, at Section IV.C).

On December 7, 2004, following a trial before the Court of Common Pleas of Erie County, Pennsylvania, Plaintiff was found not guilty of all criminal charges that were filed

against him by Defendant Barber. (Id.).

     **B.**    **Standard of Review**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997). Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz.

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or

litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C.     Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." Harvey v. Plains Twp. Police Dept., 421 F.3d 185, 189 (3d Cir. 2005), quoting West v. Atkins, 487 U.S. 42, 48 (1988).

Here, Plaintiff alleges that Defendants' alleged defamatory statements, publications and/or broadcasts caused him to suffer embarrassment and damage to his reputation. However, damage to Plaintiff's reputation alone does not constitute a violation of his constitutional rights and is not actionable under Section 1983. Paul v. Davis, 424 U.S. 693 (1976)(holding that "[t]he interest in reputation ... is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law"). See also Puricelli v. Borough of Morrisville, 820 F.Supp. 908, 915 (E.D.Pa. 1993), aff'd 26 F.3d 123 (3d Cir. 1994), cert. denied 115 S.Ct. 321 (1994)("there is [no] constitutionally recognized claim for harm to reputation"); Heller v. Fulare, 371 F.Supp.2d 743, 747 (W.D.Pa. 2005)("it has long been recognized that damage to reputation alone is not actionable under § 1983").

The Davis court ruled that the stigma of defamation is insufficient to support a Section 1983 claim without a loss of some other protected property right or liberty interest, such as the loss of public employment. Davis, 424 U.S. at 709. This has become known as the "stigma

plus" requirement. See, e.g., Clark v. Township of Falls, 890 F.2d 611, 619 (3d Cir. 1989); Durham v. City of Erie, 2006 WL 1479621 (W.D.Pa. 2006). In this case, although Plaintiff has alleged that he suffered "loss of employment" as a result of Defendants' alleged defamation, he has not alleged that he lost a government job. In fact, in one of his opposition briefs, Plaintiff intimates that he used to work at his family's hair salon, but is no longer able to "work amongst the clients who remain" at the salon because of the alleged damage to his reputation. (Document # 34 at p. 7). Plaintiff also references the fact that he is a "state certified carpenter and plumber." (Id.).

Although the Third Circuit has not yet decided the issue, other Circuit Courts have held that there is no constitutionally-protected property interest in private employment. See Pendleton v. City of Haverhill, 156 F.3d 57, 63 (1st Cir. 1998)("violation of constitutional proportions under a 'stigma-plus' theory exists only if, and to the extent that, the opportunities lost are government benefices denied as a result of governmental action"); Castaneda v. U.S. Dept. of Agriculture, 807 F.2d 1478, 1480 (9th Cir. 1987)(private employment not a constitutionally-protected property interest); Drake v. Laboratory Corp. of America Holdings, 290 F.Supp.2d 352, 361 (E.D.N.Y. 2003)(loss of private at-will employment is insufficient to establish the deprivation of a constitutionally-protected property interest).

Because Plaintiff has not alleged the loss of any governmental employment resulting from the alleged defamation, he cannot satisfy the stigma-plus test. Moreover, the stigma-plus test is not satisfied by allegations that the defamatory statements have caused the Plaintiff to suffer financial harm. Clark, 890 F.2d at 619-20 ("financial harm resulting from government defamation alone is insufficient to transform a reputation interest into a liberty interest"). As a result, Plaintiff's claims are "nothing more than a state defamation action masquerading as a Section 1983 claim." Durham, 2006 WL 1479621 at *2. Accordingly, Defendants' motions to dismiss should be granted and Plaintiff's complaint should be dismissed.[3]

---

[3] To the extent that Plaintiff may be alleging a state law defamation claim, that claim is barred by Pennsylvania's one year statute of limitations, 42 Pa.C.S.A. § 5523(1), since the allegedly defamatory statements, publications and

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1. The Motion to Dismiss filed by Defendants WJET-TV, Lafferty, and Mullenax [Document # 19] be granted;

2. The Motion to Dismiss Complaint filed by Defendant Barber [Document # 22] be granted; and

3. The Motion to Dismiss filed by Defendants Mead, Howard, and Thompson [Document # 24] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. Nara v. Frank, 2007 WL 1321929 (3d Cir. May 8, 2007).

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: May 11, 2007

cc:    The Honorable Sean J. McLaughlin
       United States District Judge

---

broadcasts occurred during the period from August 20, 2004 to December 7, 2004, while the instant lawsuit was not filed until July 18, 2006.